IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA  )<br>)<br>)<br>Plaintiff,  )<br>)  Civil Action No.<br>v.  )<br>)  Judge<br>EXXONMOBIL PIPELINE COMPANY  )<br>)<br>Defendant.  )<br>)<br>)  | |

# COMPLAINT

The United States of America, by the authority of the Attorney General of the United States and through the undersigned attorneys, acting at the request of the Administrator of the United States Environmental Protection Agency ("EPA"), files this Complaint and alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action against ExxonMobil Pipeline Company ("Defendant") related to Defendant's unlawful discharge of at least 2,800 barrels of crude oil from a 20/22-inch-diameter pipeline, known as the "North Line," that ruptured near Torbert, Pointe Coupee Parish, Louisiana on April 28, 2012. The spilled oil contaminated the area around the pipeline and an unnamed stream and bayou.

2. The United States seeks civil penalties pursuant to Section 311(b)(7)(A) and (D) of the Clean Water Act ("CWA"), 33 U.S.C. § 1321(b)(7)(A) and (D).

1

## JURISDICTION, AUTHORITY, AND VENUE

3.      This Court has jurisdiction over this matter pursuant to Section 311(b)(7)(E) and (n) of the CWA, 33 U.S.C. § 1321(b)(7)(E) and (n), and 28 U.S.C. §§ 1331, 1345, 1355.

4.      Authority to bring this action on behalf of the United States is vested in the United States Department of Justice by, *inter alia*, Section 506 of the CWA, 33 U.S.C. § 1366, and 28 U.S.C. §§ 516 and 519.

5.      Venue is proper in the United States District Court for the Middle District of Louisiana under Section 311(b)(7)(E) of the CWA, 33 U.S.C. § 1321(b)(7)(E), and 28 U.S.C. §§ 1391 and 1395 because the claim arose in this district and Defendant is located and doing business in this district.

## THE PARTIES

6.      Plaintiff United States of America is acting at the request of EPA.

7.      Defendant ExxonMobil Pipeline Company is the owner and operator of the North Line oil pipeline that ruptured.  Defendant is a Delaware corporation with its headquarters in Houston, Texas.

## FACTS

8.      The North Line pipeline is owned and operated by ExxonMobil Pipeline Company.

9.      The North Line pipeline is a 20/22-inch-diameter crude oil pipeline that begins in St. James Parish, Louisiana, and transports crude oil to the northern portion of the State.  The North Line pipeline feeds crude oil into the Mid-Valley Pipeline.  The pipeline passes near U.S. Highway 190 near rural Torbert, Pointe Coupee Parish, Louisiana.

10. On April 28, 2012, a portion of the North Line pipeline ruptured, spilling crude oil into the environment in Torbert, Louisiana.

11. Oil discharged from the pipeline on at least April 28 and 29, 2012.

12. The oil spilled directly onto the land and then into an unnamed stream and bayou. The unnamed bayou flows into the Bayou Cholpe. The waters of the Bayou Cholpe flow into the Intracoastal Waterway in Iberville Parish.

13. The spilled oil contaminated the surrounding soil and polluted the waterways. The oil impacted aquatic vegetation, tributary banks, and surface water. Dead fish and wildlife were observed in the spill area. The spilled oil also caused, *inter alia*, a film or sheen upon or discoloration of the surface of the water.

14. Defendant is working on remediation activities at the spill site under the direction of the Louisiana Department of Environmental Quality.

## CAUSE OF ACTION

### Civil Penalty for Violation of CWA Section 311(b)(3) – Oil Discharge
### 33 U.S.C. § 1321(b)(3)

15. Paragraphs 1 through 14 are realleged and incorporated herein.

16. Section 311(b)(3) of the CWA prohibits the "discharge of oil or any hazardous substances (i) into or upon the navigable waters of the United States, adjoining shorelines, or into or upon the waters of the contiguous zone . . . in such quantities as may be harmful . . . ." 33 U.S.C. § 1321(b)(3).

17. Pursuant to Section 311(b)(7)(A) of the CWA, "[a]ny person who is the owner, operator, or person in charge of any . . . onshore facility . . . from which oil . . . is discharged in violation of paragraph (3), shall be subject to a civil penalty . . . ." 33 U.S.C. § 1321(b)(7)(A).

3

18. Civil penalties can be increased pursuant to Section 311(b)(7)(D) of the CWA, if the violation results from "gross negligence or willful misconduct." 33 U.S.C. § 1321(b)(7)(D).

19. Enforcement of these provisions supports the national objective to prevent and deter oil spills and "to restore and maintain the chemical, physical, and biological integrity of the Nation's waters." 33 U.S.C. §§ 1321(b)(1), 1251(a).

20. Defendant is a "person" within the meaning of Section 311(a)(7) of the CWA, 33 U.S.C. § 1321(a)(7).

21. Defendant is the operator and owner of an onshore facility from which oil was discharged within the meaning of Section 311(a)(6) of the CWA, 33 U.S.C. § 1321(a)(6).

22. Defendant's North Line pipeline is an "onshore facility" within the meaning of Section 311(a)(10) of the CWA, 33 U.S.C. § 1321(a)(10).

23. The spilling of oil from the North Line pipeline near Torbert, Louisiana, constituted a "discharge" of oil within the meaning of Section 311(a)(2) of the CWA, 33 U.S.C. § 1321(a)(2).

24. The discharge was of "oil" within the meaning of Section 311(a)(1) of the CWA, 33 U.S.C. § 1321(a)(1).

25. The discharge of oil was into or upon the navigable waters of the United States within the meaning of Section 311(b)(3) of the CWA, 33 U.S.C. § 1321(b)(3).

26. The discharge was in a quantity "as may be harmful" within the meaning of Section 311(b)(3) and (4) of the CWA, 33 U.S.C. § 1321(b)(3)-(4), and 40 C.F.R. § 110.3.

27. Defendant's discharge of oil violated Section 311(b)(3) of the CWA, 33 U.S.C. § 1321(b)(3).

28.     Defendant is liable for civil penalties of up to $1,100 per barrel discharged under CWA Section 311(b)(7)(A), or, if it is proved that the violations are the result of gross negligence or willful misconduct, not more than $4,300 per barrel discharged under Section 311(b)(7)(D). *See* 40 C.F.R. § 19.4 (establishing, effective after January 12, 2009, that the per-barrel civil penalty amounts were increased to the listed amounts by the Civil Monetary Penalty Inflation Adjustment Rule for the time period at issue).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff, United States of America, respectfully requests that this Court:

A.     Enter a judgment that Defendant is liable to the United States for civil penalties pursuant to Section 311(b) of the Clean Water Act and assess civil penalties of up to $1,100 per barrel discharged pursuant to Section 311(b)(7)(A) or, if the violation is the result of gross negligence or willful misconduct, no more than $4,300 per barrel discharged pursuant to Section 311(b)(7)(D);

B.     Grant the United States such other relief as the Court deems just and proper.

Respectfully submitted,

FOR THE UNITED STATES OF AMERICA:

*/s/ Sam Hirsch*

SAM HIRSCH
Acting Assistant Attorney General
United States Department of Justice
Environment and Natural Resources Division

_____
JASON T. BARBEAU
Senior Attorney (D.C. Bar No. 468200)
United States Department of Justice
Environment and Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611, Ben Franklin Station
Washington, DC 20044
(202) 616-8908 (telephone)
(202) 616-6584 (facsimile)
jason.barbeau@usdoj.gov



J. WALTER GREEN
United States Attorney



s/ John J. Gaupp
John J. Gaupp, LBN 14976
Assistant United States Attorney
777 Florida Street, Suite 208
Baton Rouge, Louisiana 70801
Telephone: (225) 389-0443
Fax: (225) 389-0685
E-mail: john.gaupp@usdoj.gov
Local Counsel



Of Counsel:

Amy Salinas
Assistant Regional Counsel
U.S. Environmental Protection Agency, Region 6
1445 Ross Avenue, Suite 1200, 6RC-S
Dallas, Texas 75202-2733