IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> EXXONMOBIL PIPELINE COMPANY, <br><br> Defendant. | Civil Action No. 14-532-JWD-SCR |

# CONSENT DECREE

Plaintiff, the United States of America, on behalf of the United States Environmental Protection Agency ("EPA"), filed a Complaint against Defendant, ExxonMobil Pipeline Company, contemporaneously with the lodging of this Consent Decree. The Complaint alleges that Defendant is civilly liable for violation of Section 311(b)(3) of the Clean Water Act ("CWA" or "the Act"), 33 U.S.C. § 1321(b)(3). The Complaint seeks federal civil penalties for the discharge of crude oil from a 20/22-inch-diameter pipeline – known as the "North Line" – that ruptured near Torbert, Pointe Coupee Parish, Louisiana on April 28, 2012. The Complaint alleges that harmful quantities of oil discharged from the pipeline to navigable waters of the United States. The oil spilled onto land and into an unnamed tributary connected to Bayou Cholpe.

Defendant represents that (a) it has removed and repaired the section of pipe that ruptured, (b) is committed to completing cleanup of the impacted land, waterways, and adjoining

Environmental Quality, and (c) is or will be performing assessment and followup work on the pipeline, as required under a Corrective Action Order dated May 8, 2012, issued by the United States Department of Transportation, Pipeline and Hazardous Materials Safety Administration.

Defendant does not admit any fact or liability to the United States arising out of the occurrences alleged in the Complaint.

The Parties recognize, and the Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith and will avoid litigation between the Parties on the claims addressed in the Consent Decree, and that this Consent Decree is fair, reasonable, and in the public interest.

NOW, THEREFORE, before taking testimony and without adjudication or admission of any issue of fact or law, or liability, except as provided above and in Section I, below, and with the consent of the Parties, IT IS HEREBY ADJUDGED, ORDERED, AND DECREED as follows:

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of the United States' claim in this action pursuant to 28 U.S.C. §§ 1331, 1345, and 1355, and Section 311(b)(7)(E) and (n) of the CWA, 33 U.S.C. § 1321(b)(7)(E) and (n). The Court has personal jurisdiction over the Parties to this Consent Decree.

2. Venue lies in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1395 because the claim arose in this district and Defendant is located and doing business in this district.

3. For purposes of this Decree, or any action to enforce this Decree, Defendant

consents to the Court's jurisdiction over this Decree or such action and over Defendant, and consents to venue in this judicial district.

## II. APPLICABILITY

4. The obligations of this Consent Decree apply to and are binding upon the United States and upon Defendant and any successors, assigns, or other entities or persons otherwise bound by law.

5. No transfer of ownership or operation of the Facility shall relieve Defendant of its obligation to ensure that the requirements of the Consent Decree are implemented.

6. In any action to enforce this Consent Decree, Defendant shall not raise as a defense the failure by any of its officers, directors, employees, agents, or contractors to take any actions necessary to comply with the provisions of this Consent Decree.

## III. DEFINITIONS

7. Terms used in this Consent Decree that are defined in the CWA, or in regulations promulgated thereunder, shall have the meanings assigned to them in the Act or such regulations, unless otherwise provided in this Decree. Whenever the terms set forth below are used in this Consent Decree, the following definitions shall apply:

    a. "Complaint" shall mean the complaint filed by the United States in this action.

    b. "Consent Decree" or "Decree" shall mean this document.

    c. "Day" shall mean a calendar day unless expressly stated to be a working day. In computing any period of time under this Consent Decree, the rules set forth in Rule 6(a) of the Federal Rules of Civil Procedure shall be followed.

3

       d.     "Defendant" shall mean ExxonMobil Pipeline Company.

       e.     "Discharge" shall mean the crude oil discharge commencing on April 28, 2012, from the Facility near Torbert, Louisiana.

       f.     "Effective Date" shall have the definition provided in Section IX.

       g.     "EPA" shall mean the United States Environmental Protection Agency and any of its successor departments or agencies.

       h.     "Facility" shall mean the 20/22-inch-diameter pipeline known as the "North Line," which includes a section that runs near Torbert, Pointe Coupee Parish, Louisiana.

       i.     "Paragraph" shall mean a portion of this Decree identified by an Arabic numeral.

       j.     "Parties" shall mean the United States, on behalf of EPA, and Defendant ExxonMobil Pipeline Company.

       k.     "Plaintiff" shall mean the United States, on behalf of EPA.

       l.     "Section" shall mean a portion of this Decree identified by a Roman numeral.

       m.     "United States" shall mean the United States of America.

## IV. CIVIL PENALTY

8. Defendant shall not deduct or capitalize the civil penalty paid under this Section in calculating its federal income tax.

9. Payment shall not be made until entry of this Consent Decree.

10. Within thirty (30) Days after the Effective Date of this Consent Decree, Defendant shall pay to the United States the sum of one million four hundred thirty-seven thousand one

hundred twenty dollars ($1,437,120.00), plus interest, as a civil penalty. Interest shall accrue from the date on which this Decree is lodged with the Court, at the rate specified in 28 U.S.C. § 1961, as of the date of lodging.

11. Defendant shall pay the civil penalty due by FedWire Electronic Funds Transfer ("EFT") to the U.S. Department of Justice in accordance with written instructions to be provided to Defendant, following lodging of the Consent Decree, by the Financial Litigation Unit of the U.S. Attorney's Office for the Middle District of Louisiana. Such monies are to be deposited in the Oil Spill Liability Trust Fund. The payment shall reference the Civil Action Number assigned to this case and DOJ Number 90-5-1-1-10941 and shall specify that the payment is made toward CWA civil penalties to be deposited into the Oil Spill Liability Trust Fund pursuant to 33 U.S.C. § 1321(s) and 26 U.S.C. § 9509(b)(8).

12. At the time of payment, Defendant shall send a copy of the EFT authorization form and the EFT transaction record, together with a transmittal letter, which shall state that the payment is for the civil penalty owed pursuant to the Consent Decree in this case, and shall reference the Civil Action Number assigned to this case and DOJ Number 90-5-1-1-10941, to the United States in accordance with Section VIII of this Decree (Notices) and to:

>   Stephen C. Ewart
>   National Pollution Funds Center
>   4200 Wilson Boulevard, Suite 1000
>   Arlington, VA 22203-1804
>
>   Commander
>   United States Coast Guard
>   Office of Claims and Litigation CG-0945
>   US Coast Guard Mailstop 7213
>   2703 Martin Luther King Jr. Avenue SE
>   Washington, DC 20593-7213

## V. STIPULATED PENALTIES

13. If Defendant fails to pay the civil penalty and interest required under Section IV (Civil Penalty) when due, Defendant shall pay a stipulated penalty of twenty-five hundred dollars ($2,500) per Day for each Day that payment is late. Late payment of a civil penalty and payment of any stipulated penalties shall be made in accordance with payment instructions in Section IV above. All transmittal correspondence shall state that any such payment is for late payment of the civil penalty due under this Consent Decree or for stipulated penalties for late payment of the civil penalty, as applicable. For all payments of stipulated penalties, Defendant shall reference the Civil Action Number assigned to this case and DOJ Number 90-5-1-1-10941 and shall specify that the payments are for stipulated penalties to be deposited into the United States Treasury.

14. Stipulated penalties under this Section shall begin to accrue on the Day after performance is due and shall continue to accrue until performance is satisfactorily completed. Stipulated penalties shall accrue simultaneously for separate violations of this Consent Decree.

15. Defendant shall pay any stipulated penalty within thirty (30) Days of receiving a written demand.

16. The United States may, in the unreviewable exercise of its discretion, reduce or waive stipulated penalties otherwise due under this Consent Decree.

17. Defendant shall not deduct stipulated penalties paid under this Section in calculating federal income tax.

18. If Defendant fails to pay stipulated penalties according to the terms of this Consent Decree, Defendant shall be liable for interest on such penalties, as provided for in

6

28 U.S.C. § 1961, accruing as of the date payment became due. Nothing in this Paragraph shall be construed to limit the United States from seeking any remedy otherwise provided by law for Defendant's failure to pay any stipulated penalties.

19. Subject to the provisions of Section VI of this Consent Decree (Effect of Settlement/Reservation of Rights), the stipulated penalties provided for in this Consent Decree shall be in addition to any other rights, remedies, or sanctions available to the United States for Defendant's violation of this Consent Decree or applicable law.

## VI. EFFECT OF SETTLEMENT/RESERVATION OF RIGHTS

20. This Consent Decree resolves the civil penalty claim of the United States for the violation alleged in the Complaint filed in this action.

21. The United States reserves all legal and equitable remedies available to enforce the provisions of this Consent Decree, except as expressly stated in Paragraph 20.

22. The United States reserves all legal and equitable claims for, including but not limited to, injunctive relief, response and removal costs, expenses, damages including natural resource damages, criminal liability, and other appropriate relief, except as expressly stated in Paragraph 20. This Consent Decree shall not be construed to limit the rights of the United States to obtain additional relief under any federal law, implementing regulations of federal law, or permit conditions, except as expressly specified in this Consent Decree.

23. In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, civil penalties, response or removal costs, expenses, damages including natural resource damages, criminal liability, or other appropriate relief relating to the Facility or Defendant's violations alleged in the Complaint, including any proceeding related to

7

any Corrective Action Order issued by the United States Department of Transportation, Pipeline and Hazardous Materials Safety Administration, pertaining to the Discharge, Defendant shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case, except with respect to the claims that have been specifically resolved pursuant to Paragraph 20 of this Section. Defendant reserves any and all defenses or claims not specifically addressed in this Section.

24. This Consent Decree is not a permit, or a modification of any permit, under any federal, state, or local laws or regulations. Defendant is responsible for achieving and maintaining complete compliance with all applicable federal, state, and local laws, regulations, orders, and permits. Defendant's compliance with this Consent Decree shall be no defense to any action commenced pursuant to said laws, regulations, orders, or permits, except as set forth herein. The United States does not, by its consent to the entry of this Decree, warrant or aver in any manner that Defendant's compliance with any aspect of this Consent Decree will result in compliance with provisions of the CWA or with any other provisions of federal, state, or local laws, regulations, orders, or permits.

25. This Consent Decree does not limit or affect the rights of Defendant or of the United States against any third parties that are not party to this Consent Decree, nor does it limit the rights of third parties that are not party to this Consent Decree against Defendant, except as otherwise provided by law, including but not limited to 33 U.S.C. § 1365(b)(1)(B) and 42 U.S.C. § 7604(b)(1)(B). This Consent Decree shall not be construed to create rights in, or grant any

cause of action to, any third party not party to this Consent Decree.

26.  Defendant hereby covenants not to sue and agrees not to assert any claims related to the Discharge, or response activities in connection with the Discharge, against the United States pursuant to the CWA, OPA, or any other federal law or regulation for acts or omissions through the date of lodging of the Consent Decree. Defendant further covenants not to sue and agrees not to assert any direct or indirect claim for reimbursement from the Oil Spill Liability Trust Fund or pursuant to any other provision of law.

## VII. COSTS

27.  The Parties shall bear their own costs related to this Consent Decree for civil penalties, including attorneys' fees, except the United States shall be entitled to collect costs (including attorneys' fees) incurred in any action necessary to enforce this Consent Decree.

## VIII. NOTICES

28.  Unless otherwise specified herein, whenever notifications, submissions, reports, or communications are required by this Consent Decree, they shall be made in writing and addressed to all parties as follows:

As to the United States:

    To the U.S. Department of Justice:

        Chief (re: DJ # 90-5-1-1-10941)
        Environmental Enforcement Section
        Environment and Natural Resources Division
        U.S. Department of Justice
        P.O. Box 7611
        Washington, DC 20044-7611
        (202) 514-0097 (facsimile)

    To EPA Region 6:

        OPA Enforcement Coordinator
        U.S. Environmental Protection Agency, Region 6
        1445 Ross Avenue, Suite 1200, 6SF-PC
        Dallas, TX 75202-2733
        (214) 665-7447 (facsimile)

        Amy Salinas
        Assistant Regional Counsel
        U.S. Environmental Protection Agency, Region 6
        1445 Ross Avenue, Suite 1200, 6RC-S
        Dallas, TX 75202-2733
        (214) 665-6460 (facsimile)
        salinas.amy@epa.gov

<u>As to Defendant</u>:

        Karen S. Tyrone, or Successor
        Vice President, Operations
        ExxonMobil Pipeline Company
        800 Bell Street
        Houston, TX 77002
        (832) 624-7918 (telephone)
        karen.s.tyrone@exxonmobil.com

        Troy A. Cotton, or Successor
        General Counsel
        ExxonMobil Pipeline Company
        800 Bell Street
        Houston, TX 77002
        (832) 624-7922 (telephone)
        troy.a.cotton@exxonmobil.com

29. Any Party may, by written notice to the other Party, change its designated notice recipient or notice address provided above.

30. Notices submitted pursuant to this Section shall be deemed submitted upon mailing, unless otherwise provided in this Consent Decree or by mutual agreement of the Parties

in writing.

## IX. EFFECTIVE DATE

31. The Effective Date of this Consent Decree shall be the date upon which this Consent Decree is entered by the Court or a motion to enter the Consent Decree is granted, whichever occurs first, as recorded on the Court's docket.

## X. RETENTION OF JURISDICTION/TERMINATION

32. The Court shall retain jurisdiction over this case until termination of this Consent Decree for the purpose of effectuating or enforcing compliance with the terms of this Decree.

33. This Consent Decree will terminate automatically upon the payment by Defendant of the Civil Penalty required in Section IV and any applicable stipulated penalties required in Section V for Defendant's failure to timely pay the Civil Penalty.

## XI. PUBLIC PARTICIPATION

34. This Consent Decree shall be lodged with the Court for a period of not less than thirty (30) Days for public notice and comment. The Parties agree and acknowledge that final approval by the United States and entry of this Consent Decree is subject to notice of lodging of the Consent Decree and a public comment period. The United States reserves the right to withdraw or withhold consent if the comments disclose facts or considerations which indicate that the Consent Decree is inappropriate, improper, or inadequate.

35. Defendant agrees not to oppose entry of this Consent Decree by the Court or to challenge any provision of the Decree, unless the United States has notified Defendant in writing that it no longer supports entry of the Decree. Defendant consents to entry of this Consent Decree without further notice except through the Court's electronic case filing system.

## XII. SIGNATORIES/SERVICE

36. The Acting Assistant Attorney General, Environment and Natural Resources Division, United States Department of Justice, on behalf of the United States, and the undersigned representative of Defendant certify that he or she is fully authorized to enter into the terms and conditions of this Consent Decree and to execute and legally bind the Party he or she represents to the terms of this Decree.

37. This Consent Decree may be signed in counterparts, and such counterpart signature pages shall be given full force and effect.

38. Defendant agrees to accept service of process of the Complaint by mail and to waive the formal service requirements set forth in Rules 4 and 5 of the Federal Rules of Civil Procedure and any applicable Local Rules of this Court including, but not limited to, service of a summons. All other Court filings will be served through the Court's electronic case filing system.

## XIII. INTEGRATION

39. This Consent Decree constitutes the final, complete, and exclusive agreement and understanding among the Parties with respect to the settlement embodied in the Decree and supersedes all prior agreements and understandings, whether oral or written, concerning the settlement embodied herein. No other document, nor any representation, inducement, agreement, understanding, or promise, constitutes any part of this Decree or the settlement it represents, nor shall it be used in construing the terms of this Decree.

## XIV. FINAL JUDGMENT

40. Upon approval and entry of this Consent Decree by the Court, this Consent

Decree shall constitute a final judgment of the Court as to the United States and Defendant.

This Consent Decree is dated and entered this 17th day of October, 2014.

_____
**UNITED STATES DISTRICT JUDGE**
**Middle District of Louisiana**

Signature Page to Consent Decree in *U.S. v. ExxonMobil Pipeline Co.*

**FOR PLAINTIFF UNITED STATES OF AMERICA:**

Dated: August 19, 2014

/s/ Sam Hirsch
SAM HIRSCH
Acting Assistant Attorney General
United States Department of Justice
Environment and Natural Resources Division

Dated: August 19, 2014

/s/ Jason T. Barbeau
JASON T. BARBEAU
Senior Attorney
United States Department of Justice
Environment and Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611, Ben Franklin Station
Washington, DC 20044

J. WALTER GREEN
UNITED STATES ATTORNEY

s/ John J. Gaupp
John J. Gaupp, LBN 14976
Assistant United States Attorney
777 Florida Street, Suite 208
Baton Rouge, Louisiana 70801
Telephone: (225) 389-0443
Fax: (225) 389-0685
E-mail: john.gaupp@usdoj.gov
Local Counsel

14

Signature Page to Consent Decree in *U.S. v. ExxonMobil Pipeline Co.*

**FOR PLAINTIFF UNITED STATES OF AMERICA (continued):**

Dated: 22 August 2014

_____ for
RON CURRY
Regional Administrator
U.S. Environmental Protection Agency, Region 6
1445 Ross Avenue
Dallas, Texas 75202-2733

Dated: 25 August 2014

_____
AMY SALINAS
Assistant Regional Counsel
U.S. Environmental Protection Agency, Region 6
1445 Ross Avenue, Suite 1200, 6RC-S
Dallas, Texas 75202-2733

Signature Page to Consent Decree in *U.S. v. ExxonMobil Pipeline Co.*

**FOR PLAINTIFF UNITED STATES OF AMERICA (continued):**

Dated: 5/19/14

CYNTHIA GILES
Assistant Administrator
Office of Enforcement and Compliance Assurance
U.S. Environmental Protection Agency
Ariel Rios Building, 2201A
1200 Pennsylvania Ave., N.W.
Washington, DC 20460

Dated: 5/12/14

SUSAN SHINKMAN
Director
Office of Civil Enforcement

Dated: _/_/_

MARK POLLINS
Director
Office of Civil Enforcement
Water Enforcement Division

Dated: _____

KELLY BRANTNER
Office of Civil Enforcement
Water Enforcement Division

16

Signature Page to Consent Decree in *U.S. v. ExxonMobil Pipeline Co.*

FOR DEFENDANT:

EXXONMOBIL PIPELINE COMPANY

Dated: 8/06/2014            By: *[signature]*

Gerald S. Frey
President
ExxonMobil Pipeline Company

17