

# UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA
OFFICE OF THE CLERK

**Michael L. McConnell**
Clerk of Court

Russell B. Long Federal Building & U.S. Courthouse
777 Florida Street, Suite 139
Baton Rouge, LA 70801-1712
Telephone:   (225) 389-3500
Facsimile:    (225) 389-3501

August 11, 2021

Ellison Travis, Acting U.S. Attorney
U.S. Attorney's Office
777 Florida Street, Suite 208
Baton Rouge, LA 70801

Jason T. Barbeau
United States Department of Justice
Environment and Natural Resources Division
P.O. Box 7611
Washington, DC 20044

Timothy Webster
Sidley Austin LLP
1501 K Street, N.W.
Washington, DC 20005

RE:   United States v. ExxonMobil Pipeline Company

        Civil Action No.:  3:14-cv-00532

Dear Sirs,

   I have been contacted by Judge John W. deGravelles who presided over the above-mentioned case.

   Judge deGravelles informed me that it has been brought to his attention that while he presided over the case involving ExxonMobil Pipeline Company, he owned stock in ExxonMobil Corporation, the parent of its subsidiary and affiliate, ExxonMobil Pipeline Company. His ownership of stock neither affected nor impacted his decisions in this case.

However, his stock ownership would have required recusal under the Code of Conduct for United States Judges, and thus, Judge deGravelles directed that I notify the parties of the conflict.

Advisory Opinion 71, from the Judicial Conference Codes of Conduct Committee, provides the following guidance for addressing disqualification that is not discovered until after a judge has participated in a case:

> [A] judge should disclose to the parties the facts bearing on disqualification as soon as those facts are learned, even though that may occur after entry of the decision. The parties may then determine what relief they may seek and a court (without the disqualified judge) will decide the legal consequence, if any, arising from the participation of the disqualified judge in the entered decision.

Although Advisory Opinion 71 contemplated disqualification after a Court of Appeals oral argument, the Committee explained "[s]imilar considerations would apply when a judgment was entered in a district court by a judge and it is later learned that the judge was disqualified."

With Advisory Opinion 71 in mind, you are invited to respond to Judge deGravelles' disclosure of a conflict in this case. Should you wish to respond, please submit your response on or before September 10, 2021. Any response will be considered by another judge of this court without the participation of Judge deGravelles.

Sincerely,

Michael L. McConnell
Clerk of Court
United States District Court
Middle District of Louisiana